UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| LENA MAE TIBBS,            )<br>        Plaintiff,         )<br>                            )<br>    vs.                     )<br>                            )<br>INDIANA LIVE! CASINO,       )<br>        Defendant.          ) | 1:09-cv-1469-LJM-JMS |

### ORDER ON DEFENDANT'S MOTION TO DISMISS
### PLAINTIFF'S AMENDED COMPLAINT

This motion comes before the Court on defendant's, Indiana Live! Casino ("Live!"), Motion to Dismiss Plaintiff's Amended Complaint ("Motion to Dismiss")[1] pursuant to Federal Rule of Civil Procedure 12(b)(6) ("Rule 12(b)(6)"). In this action, plaintiff, Lena Mae Tibbs ("Tibbs"), alleges Live! denied her entry into its facility on the basis of her race in violation of 42 U.S.C. §§ 2000a and 1981. In addition, Tibbs asserts state law claims for malicious prosecution and intentional infliction of emotional distress. For the reasons articulated below, the Court **DENIES** Live!'s Motion to Dismiss.

### I. BACKGROUND

For the purposes of Rule 12(b)(6), the Court construes the complaint in the light most favorable to Tibbs, accepting as true all well-pleaded facts alleged, and drawing all possible inferences in Tibbs' favor. *Tamayo v. Blagojevich*, 526 F.3d 1074, 1081 (7th Cir.

---

[1] On February 8, 2010, Tibbs moved the Court to stay the proceedings for thirty days, which has since lapsed. Therefore, Tibbs' Motion to Stay Proceedings is **DENIED AS MOOT**. In addition, Live! previously filed a Motion to Dismiss Tibbs' initial Complaint for Damages and Trial by Jury, which Tibbs has since amended. Therefore, Live!'s Motion to Dismiss (Dkt. No. 10) is **DENIED AS MOOT**.

2008). Live! is a corporation that operates a gaming establishment offering gambling, food, and other forms of entertainment to the general public. Am. Compl. ¶¶ 4-5. On July 29, 2008, Tibbs, an African American, patronized Live! for the purposes of gaming and dining. *Id.* ¶ 5. Thereafter, on August 19, 2008, Live! falsely accused Tibbs of exercising unauthorized control over a $100 bill belonging to Trula J. Perry ("Perry"). *Id.* ¶ 6. Live! made these accusations even though video recordings from Live!'s security cameras demonstrate that Tibbs did not, in fact, steal from Perry. *Id.* ¶ 7. Live! apparently reported Tibbs' alleged conduct to the Shelby County prosecutor, who in turn charged Tibbs with a crime. *Id.* ¶ 8. Those charges lasted over a year, but were eventually terminated in Tibbs' favor. *Id.* ¶¶ 9, 23. Live! refuses to allow Tibbs to enter its casino. *Id.* ¶ 11. However, Live! allows non-African American patrons to enter. *Id.* ¶ 16. Tibbs specifically alleges that Live! intentionally bars her entry due to her race. *Id.* ¶ 13.

Tibbs' further alleges that she suffered damages, including lost earnings, diminution in her community, loss of business relationships and contracts, loss of potential earnings from business relationships, and lowered estimation in character and dignity. *Id.* ¶ 17. Tibbs also contends that she was subject to emotional distress as a result of the indignities inflicted upon her. *Id.* ¶ 26.

## II. STANDARD OF REVIEW

A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Ericson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting *Bell Atlantic Corp.*

*v. Twombly*, 550 U.S. 544, 555 (2007)); *see E.E.O.C v. Concentra Health Serv., Inc.*, 496 F.3d 773 (7th Cir. 2007). While detailed factual allegations are not required, a plaintiff's complaint may not merely state "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. ----, 129 S.Ct. 1937, 1949 (2009). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Twombly*, 550 U.S. at 555). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement." *Id.* (quoting *Twombly*, 550 U.S. at 557). Rather, "a complaint must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged[,]" not when the plaintiff only raises a "sheer possibility that the defendant has acted unlawfully." *Id.*

"[T]he height of the pleading requirement is relative to the circumstances[,]" *Cooney v. Rossiter*, No. 08-3675, 2009 WL 3103998, at *3 (7th Cir. Sep. 30, 2009), and "[d]etermining the plausibility of a claim is a context-specific task that requires [the Court] to draw on [its] judicial experience and common sense." *Brown v. JP Morgan Chase Bank*, No. 08-1890, 2009 WL 1761101, at * 1 (7th Cir. June 23, 2009). *Bissessure v. Indiana University Board of Trustees* reaffirmed that, "[o]ur system operates on a notice pleading standard; *Twombly* and its progeny do not change this fact." 581 F.3d 599, 603 (7th Cir. 2009); *cf. Smith v. Duffey*, 576 F.3d 336, 339-40 (7th Cir. 2009) (noting courts' over reliance on *Twombly*). In *Equal Employment Opportunity Commission v. Concentra Health Services, Inc.*, 496 F.3d 773—a case decided shortly after *Twombly*—the Seventh Circuit

3

was asked to determine the minimum pleading requirements in the Title VII context. While acknowledging that a complaint must contain something more than a general recitation of the elements of a claim, the Seventh Circuit nevertheless reaffirmed the minimal pleading standard for simple claims of race discrimination. *Id.* at 781-82. Quoting from its decision in *Concentra*, the Seventh Circuit reiterated that standard in *Tamayo*:

> [O]nce a plaintiff alleging illegal discrimination has clarified that it is on the basis of her race, there is no further information that is both easy to provide and of clear critical importance to the claim . . . . Even after [*Twombly*], *Concentra* affirmed our previous holdings . . . . Additionally, [*Twombly*'s] explicit praise of Form 9 of the Federal Rules of Civil Procedure illustrates that conclusory statements are not barred entirely from federal pleadings.

*Tomayo*, 526 F.3d at 1084.

### III. DISCUSSION

Live! argues that Tibbs' Amended Complaint should be dismissed for failure to state a claim upon which relief can be granted. Specifically, with respect to all of Tibbs' claims, Live! asserts that in order to meet the pleading standards announced in *Twombly* and its progeny, Tibbs would have to assert more facts demonstrating that Live! discriminated against her based on her status as an African American.

Tibbs' first federal law claim alleges that she was denied equal access to a public accommodation in violation of Title II of the Civil Rights Act of 1964, 42 U.S.C. § 2000a. The Act provides that "[a]ll persons shall be entitled to the full and equal enjoyment of the goods, services, facilities, privileges, advantages, and accommodations of any place of public accommodation . . . without discrimination or segregation on the ground of race, color, religion, or national origin." 42 U.S.C. § 2000a. In order to state a *prima facie* claim

for racial discrimination under 42 U.S.C. § 2000a, plaintiffs must show that: (1) they are members of a protected class; (2) they were not allowed to enjoy a place of public accommodation; and (3) others outside their protected class were allowed to enjoy that place. *See Hornick v. Hoyes*, 708 F.2d 321, 325 n. 8 (7th Cir. 1983).

At this stage, the Court must only determine whether Tibbs has sufficiently alleged a *prima facie* case. Here the facts, as alleged by Tibbs, establish that the plaintiff is a member of a protected class, that she was not allowed access to Live!'s gaming establishment, and that others outside her protected class were allowed to enter. Am. Compl. ¶¶ 12, 13, 16. Therefore, the Court concludes that the Amended Complaint describes Tibbs' § 2000 claim with sufficient detail to give Live! fair notice of what the claim is, and the grounds upon which it rests, while plausibly suggesting that Tibbs has a right to relief that rises above the speculative level. *Concentra*, 496 F.3d at 776.

Tibbs' second federal claim is under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 1981, which gives non-whites the same rights to make and enforce contracts that whites have. "While § 1981 claims are most often brought in connection with the right to contract for employment, plaintiffs can also use the statute to enforce their rights to enter into retail contracts." *Carney v. Caesar's Riverboat Casino, LLC*, 2009 WL 363623, at * 3 (S.D.Ind. Sept. 25, 2009); *see also Williams v. Southern Illinois Riverboat/Casino Cruises*, 2008 WL 1776461 (S.D.Ill. April 16, 2008). "In the context of the denial of the right to make or enforce a retail contract, the appropriate . . . *prima facie* case is that (1) the plaintiff is of a racial minority, (2) [s]he attempted to make or enforce a contract, (3) the defendant denied [her] the right to make or enforce the contract[;] and (4) the defendant treated the

plaintiff less favorably than other white people who were similarly situated." *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 804-05 (1973).

Here again, at this stage, the Court must only determine whether Tibbs has sufficiently alleged a *prima facie* case. Although Tibbs offers relatively few facts in her Amended Complaint, Tibbs does allege that she is of African-American descent. Am. Compl. ¶ 12. In addition, it is clear that the contract in the instant case concerns Live!'s invitation to the public to enjoy its gambling, dining, and other retail services. Tibbs alleges that she attempted to make a contract, but that Live! denied her that right. *Id.* ¶ 13. Finally, Tibbs alleges that similarly situated whites were permitted to accept Live!'s invitation to enjoy its services. *Id.* ¶ 16. Therefore, with regard to Tibbs' § 1981 claim, the Court concludes that Tibbs alleges sufficient facts to give Live! fair notice of her claim while plausibly suggesting that she has a right to relief that rises above the speculative level. *Concentra*, 496 F.3d at 776.

Tibbs also presents two claims under state law. The first of these in an allegation that Live! subjected her to malicious prosecution. The essential elements of a cause of action for malicious prosecution are: (1) the prosecution of some legal proceeding by, or at the instigation of, the defendant; (2) the absence of probable cause to do so; (3) malice in instituting the proceedings; (4) the termination of such proceedings in the plaintiff's favor; and (5) damages sustained by the plaintiff. *City of New Haven v. Reichhart*, 748 N.E.2d 374, 378 (Ind. 2001). Here, it appears to be an uncontested fact that the legal proceedings against Tibbs were terminated in her favor. Am. Compl. ¶ 23. Tibbs further alleges that Live! instigated the proceedings, without probable cause, and despite the fact that Live! possessed exculpatory evidence. *Id.* ¶¶ 7, 23, 24. Finally, Tibbs' complaint states that she

suffered damages, including lost earnings, diminution in her community, loss of business relationships and contracts, loss of potential earnings from business relationships, and lowered estimation in character and dignity.  *Id.* ¶ 25.  Therefore, with regard to Tibbs' first state law claim, the Court concludes that Tibbs alleges sufficient facts to give Live! fair notice of her claim while plausibly suggesting that she has a right to relief that rises above the speculative level.  *Concentra*, 496 F.3d at 776.

Tibbs' second claim under state law is that Live! committed the tort of intentional infliction of emotional distress.  Under the proper circumstances, liability will attach to a defendant who (1) engages in extreme and outrageous conduct (2) which intentionally or recklessly (3) causes (4) severe emotional distress to another.  *Lindsey v. DeGroot*, 898 N.E.2d 1251, 1264 (Ind. App. 2009).  Here, Live! is accused of intentionally denying Tibbs access to its gaming facility on the basis of her race.  Am. Compl. ¶ 13.  It is further alleged that Live! intentionally pursued criminal proceedings, without probable cause, while in the possession of exculpatory evidence, and on the basis of Tibbs' race.  *Id.* ¶¶ 7, 23, 24.  Finally, Tibbs' Amended Complaint states that she was subject to emotional distress as a result of these indignities.  *Id.* ¶ 26.  Therefore, with regard to Tibbs' second state law claim, the Court again concludes that Tibbs alleges sufficient facts to give Live! fair notice of her claim while plausibly suggesting that she has a right to relief that rises above the speculative level.  *Concentra*, 496 F.3d at 776.

## IV. CONCLUSION

For the reasons articulated above, the Court **DENIES** defendant's, Indiana Live! Casino, Motion to Dismiss Plaintiff's Amended Complaint.

IT IS SO ORDERED this 14th day of June, 2010.

_____
LARRY J. McKINNEY, JUDGE
United States District Court
Southern District of Indiana

Distribution to:

Scott Ernest Andres
DUE DOYLE FANNING  & METZGER
sandres@duedoyle.com

Danford Royce Due
DUE DOYLE FANNING  & METZGER
ddue@duedoyle.com

Kenneth T. Roberts
ROBERTS & BISHOP
ktrobatty@aol.com

Blair  Wheat
ROBERTS & BISHOP
bwheat@roberts-bishop.com